WILLIAM P. BOYD
v.
GEORGE W. ERNST.

*Sales—Account—Running, or Separate and Distinct—Limitations—Subsequent Promises—Homestead Exemption—Special Verdict—Evidence.*

In an action brought to recover an amount alleged to be due for material furnished, this court holds that the indebtedness in question consisted of a running, and not two separate accounts; that the jury were justified in finding a subsequent promise to pay amount claimed; that the amount of the verdict, less the remittitur, was sustained by the evidence, but that it was error to allow the special verdict to stand as against the debtor's homestead for the entire amount, likewise to make the same a lien upon certain real estate, upon which the judgment finds said homestead was situate.

[Opinion filed May 25, 1889.]

APPEAL, from the Circuit Court of Kendall County; the Hon. C. W. UPTON, Judge, presiding.

Mr. A. C. LITTLE, for appellant.

Messrs. R. P. GOODWIN and J. STEWART WILSON, for appellee.

LACEY, P. J. This suit was in assumpsit brought on an account by appellee against appellant, and resulted in a verdict and judgment in favor of appellee for $730.67. The special

verdict of the jury was for $909.35, and that $800 of this amount was for lumber used for the improvement of appellant's homestead.

The appellant insists that the verdict of the jury was not sustained by the evidence, either as to the main verdict for the amount due, or as to the amount used for the improvement of his homestead. The main objection of the appellant is, that a large portion of the account in question, notably that prior to November 23, 1882, amounting to the sum of $618.05, was barred by the statute of limitations of five years. It appears that the account sued on was mostly for lumber and materials furnished appellant by appellee, the latter being a lumber dealer, and that the account commenced to run November 23, 1870, and ceased November 6, 1884, a period of about fourteen years. The suit was commenced in April, 1888. It appears that there was a balance due on the account of $618.05 November 23, 1882, and that the appellee made out a statement of his account and sent it to appellant; that it was not paid, and that no new item was gotten by the latter till May 1, 1883, and from that time to November 6, 1884, the appellee's account amounts to $253.19. The appellant insists that the claim of appellee, for that reason, was divided into two separate accounts, the last one commencing at the date of the first charge subsequently to the statement, and the other accruing prior to that time, and the account to November 23, 1882, is barred by the statute of limitations. To this plea a subsequent promise is replied by appellee.

It was a question of fact for the jury to determine, whether or not there were any credits given by appellant's consent on the account, and to what portion of the account the credit applied, and also whether appellant promised appellee to pay him the account, and to what portion of such account, if such promise was made, it applied. The appellee testified that within five years of the commencement of the suit, he gave appellant credit for a load of oats and some pasturage for his cattle, furnished by the latter, amounting to $65; also that within five years the appellant promised to pay him his account generally. It is true that appellant claims that appellee had no authority from him for crediting the account, not

Boyd v. Ernst.

even the new one, with the oats and pasturage, but appellant swears that they were to be credited, especially the pasturage. We think the claim of appellant, that the appellee's claim was divided into two distinct and independent accounts is hardly tenable. It is more artificial and fanciful than real. The account was always kept in the same book and followed along in consecutive order, and there is nothing to work any division except that the account was stated November 23, 1882. No note was given, nor was any payment made, and we see no reason why the items furnished after the statement and added to it might not be regarded with the former items as a running account. And whether the promise to pay as testified to by appellee referred to the entire account, or only that accruing subsequently to November 23, 1882, was a question for the jury to determine; as well as whether any promise to pay was made within the five years; also to what portion of the entire claim of appellee the credits applied. We think there was evidence sufficient to sustain the verdict of the jury in appellee's favor on the issue of a subsequent promise; we also think, after the remittitur, the evidence sustained the verdict of the jury.

But the jury found a special verdict in addition to the general one of the amount due, of $909.35, that $800 of the verdict was " expended on improvements on homestead of defendant." The court below ordered a remittitur of $178.68, which was acceded to by the appellee, and that amount was remitted, reducing the general verdict to $730.67, and judgment was rendered for that amount. The remittitur of so much on the amount of the verdict generally, renders it uncertain how much of the remainder was used in the improvement of the homestead. If the entire remittitur is taken from the $800, instead of the $909.35, there would only be $621.32 against which the homestead could not be set up according to the verdict. If it be taken from the $800, and the balance of the verdict in proportion to the amount of the remittitur, then the amount found to be used on the homestead (the entire judgment) would still be too large. The court erred in allowing the verdict to stand as against the homestead for the entire amount.

Again, the language of the statute is that the homestead exemption can not be set up as against "a debt or liability incurred for the purchase or improvement thereof." This verdict is not in the language of the statute, nor does it contain the substance of it. It only finds that such an amount was "expended on improvements of the homestead of defendant." It is matter of serious doubt, whether, when the materials are furnished, it must not be with the understanding that they were to be used to improve the homestead, the same as is required in the mechanic's lien law. For all that the verdict finds, the materials may have been furnished for an entirely different purpose than for the supposed improvements, but finally diverted and used to improve the homestead. Another objection to that part of the verdict and judgment, is, there was no evidence as to where the homestead was situate, but the judgment finds it was situate on certain specific real estate, and declares a lien for the whole amount of the judgment on that particular real estate. This was error. The statute gives no lien; it only excepts the operation of the statute as to the exemption in such case. The judgment should be no different than ordinary judgments, other than the finding in accordance with the verdict of the jury.

The appellee requests the court to correct the judgment in this court in respect to any error committed in regard to the special verdict and judgment touching the homestead. As we think it will better promote justice to do so, we will make the correction. The special verdict in regard to $800 of the material having been used in the improvement of the homestead of appellant is therefore set aside, and the judgment declaring a special lien on appellant's real estate is also set aside, and reversed, but in all other respects the judgment of the court below is affirmed, and it is ordered that appellee pay the costs of this appeal.

*Judgment in part reversed and in part affirmed.*

Judge UPTON, having tried the case in the court below, took no part in the decision here.